**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00253-VAP (OPx)                              Date:  March 11, 2013

Title:     WELLS FARGO BANK, N.A. -v- JOHN DOE
==============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                           None Present
    Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                           None

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

    On February 8, 2013, Pro Se Defendant John Fears removed this action from the California Superior Court for the County of Riverside, alleging federal question jurisdiction.  (<u>See</u> Not. of Removal (Doc. No. 1) at 2-3.)  For the reasons expressed below, the Court REMANDS this action to the California Superior Court for the County of Riverside.

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford</u>

EDCV 13-00253-VAP (OPx)
WELLS FARGO BANK, N.A., AS TRUSTEE FOR RIVERVIEW HECM 2007-3 v. JOHN DOE AND DOES I THROUGH X, INCLUSIVE
MINUTE ORDER of March 11, 2013

Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

   Fears asserts that federal question jurisdiction exists in this case under 28 U.S.C. § 1331, because his demurrer depends on the determination of "Defendants' rights and Plaintiff's duties under federal law."  (See Not. of Removal at 2.)  The Complaint raises a single claim for unlawful detainer.  (See Compl., Ex. A to Not. of Removal.)  The issues raised in Fears's demurrer are defenses to that claim.

   Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

   As no proper basis for removal exists, the Court lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of Riverside.

   **IT IS SO ORDERED.**